UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Michael Anthony Terry,

        Plaintiff,

  vs.                      REPORT AND RECOMMENDATION

Dakota County, Hastings,
Minn., Debra Schmidt,
Warren Kotchis, Honorable
Mary Pawlenty, Sam's Club
and Wal-Mart,

        Defendants.      Civ. No. 05-2255 (RHK/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Michael Anthony Terry for leave to proceed in forma pauperis, ("IFP"). Docket No. 2. For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff's current lawsuit stems from a Minnesota State criminal action that was brought against him in 2003, in the State District Court for Dakota County, Minnesota. The Plaintiff apparently was charged with shoplifting from a Sam's Club store and/or a Wal-Mart store.

According to the Plaintiff's Complaint, a Hearing was conducted in his Dakota County criminal case on August 19, 2003, where he expected to be represented by his retained attorney, Joy Bartcher ("Bartcher"). Sometime before the start of the Hearing, the Plaintiff was approached by the Defendant Warren Kotchis ("Kotchis"), who is alleged to be the Chief Public Defender for Dakota County. Kotchis purportedly told the Plaintiff that Bartcher would not be attending the Hearing, and that he, Kotchis, would serve as the Plaintiff's attorney. However, the Plaintiff declined Kotchis's offer to represent him at the Hearing.

The presiding Judge at the Hearing in the Plaintiff's criminal case was the Defendant Mary Pawlenty ("Judge Pawlenty"). The State of Minnesota was represented by the Defendant Debra Schmidt ("Schmidt"), who apparently is an Assistant District Attorney for Dakota County. The Plaintiff alleges that Schmidt first told Judge Pawlenty that the Plaintiff had previously violated the conditions of his

release on bail, and Schmidt then requested that Judge Pawlenty increase the amount of the Plaintiff's bail. Schmidt also allegedly told the Judge Pawlenty that the Plaintiff had been "writing and calling her office to harass her staff." The Plaintiff strongly objected to Schmidt's statements, and told Judge Pawlenty that Schmidt was lying. Judge Pawlenty allegedly disregarded the Plaintiff's objections, told him to "shut up," and caused him to be taken to the jail in handcuffs. The Plaintiff alleges that Kotchis "was mute [during] the entire hearing."

Based on these allegations, the Plaintiff now attempts to sue Dakota County, Schmidt, Kotchis, Judge Pawlenty, Sam's Club, and Wal-Mart, for allegedly violating his Federal constitutional rights. His Complaint does not identify any injury that was caused by the Defendants, nor does it describe what, if any, relief he is seeking in this action.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that is "frivolous," or fails to state a claim upon which relief can be granted. Title 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of a liberal construction, the Plaintiff's pleading fails to state a legally cognizable cause of action.

In order to state a cause of action under Title 42 U.S.C. §1983, as the Plaintiff apparently is attempting to do here, the complainant must allege facts which are sufficient to show that the named defendants violated his constitutional rights while acting under color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). Even with an indulgent view, we find that the Plaintiff's Complaint does not allege sufficient facts to support a Section 1983 claim against any of the named Defendants, each of which/whom will be addressed in turn.

    A.    Dakota County. To state an actionable Section 1983 claim against a municipal defendant, such as Dakota County, a plaintiff must plead that his or her constitutional rights were violated as a result of: 1) some policy or custom adopted by the municipal defendant; or 2) a clearly identifiable lack of adequate training by the municipal defendant. City of Canton v. Harris, 489 U.S. 378, 386-87 (1989). Furthermore, the plaintiff must set forth more than conclusory allegations to support a claim of municipal liability -- there must be factual allegations describing the specific policy or custom, or the specific nature of the alleged training deficiency, on which the claim is based. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion)(an actionable policy or custom, or failure to train, cannot be inferred from a single instance of unconstitutional activity); see also, Martin v. Sargent, 780 F.2d 1334,

1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Here, the Plaintiff's claims against Dakota County are not based on any specific County policy or custom, or any alleged failure to train. Indeed, the Plaintiff has made no attempt to explain what the County, itself, or anyone else for that matter, allegedly did, or failed to do, that could be viewed as a violation of any of his Federal constitutional rights. Therefore, the Plaintiff has failed to plead any actionable claim against Dakota County.[1]

    B.    Schmidt. The Plaintiff has failed to state an actionable Section 1983 claim against Schmidt, because she obviously was acting in her capacity as a prosecuting attorney with regard to all of the matters described in the Complaint, and therefore, she is immune from any claims arising from such matters, under the doctrine of prosecutorial immunity.

---

[1] The Plaintiff may be attempting to hold Dakota County legally responsible for allegedly unconstitutional acts or omissions by its employees, but it is well-settled that municipal employers cannot be held vicariously liable for civil rights violations allegedly committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to Section 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, the Plaintiff could not sue Dakota County under Section 1983 based solely on allegations of unconstitutional misconduct by its agents or employees.

It is well-settled that State prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992), cert. denied, 506 U.S. 1053 (1993). Prosecutorial immunity specifically applies to acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case." Id. at 431. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996), cert. denied, 519 U.S. 867 (1996), citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Here, it is plainly apparent that the Plaintiff's claims against Schmidt are based on acts or omissions that allegedly occurred while she was performing her duties as a State prosecutor. Therefore, Schmidt is immune from the Plaintiff's current attempt to sue her under Section 1983.

C.   Judge Pawlenty. The Plaintiff has failed to state an actionable Section 1983 claim against Judge Pawlenty, because the Plaintiff's claims against her are based on acts or omissions that allegedly occurred while she was acting as a State Court Judge, and  she is immune from any such claims under the doctrine of judicial

immunity. Under both Federal and State law, Judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986); Hoppe v. Klapperich, 224 Minn. 224, 234, 28 N.W.2d 780, 788 (1947)("'[I]t is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted'"), quoting Stewart v. Case, 53 Minn. 62, 66, 54 N.W.2d 938, 938 (1893). The Plaintiff obviously is attempting to sue Judge Pawlenty for acts that she allegedly performed as the presiding judge in his State Court criminal case. Therefore, the claims that the Plaintiff is attempting to bring against Judge Pawlenty are barred by the doctrine of judicial immunity.

    D.    Kotchis. The Plaintiff has failed to state an actionable Section 1983 claim against Kotchis for at least two reasons. First, public defenders are not considered to be State actors, and therefore, they cannot be sued under Section 1983. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir. 1976), cert. denied, 429 U.S. 856

(1976). Second, the Complaint does not describe anything that Kotchis allegedly did, or failed to do, that could be viewed as a violation of the Plaintiff's constitutional rights. According to the Complaint, Kotchis volunteered to act as the Plaintiff's attorney, and the Plaintiff rejected that offer. Those allegations do not show any violation of the Plaintiff's constitutional rights.

  E. <u>Sam's Club and Wal-Mart</u>.  Finally, the Court finds that the Plaintiff has failed to state any actionable Section 1983 claim against the Defendants Sam's Club or Wal-Mart. The Complaint does not describe any act or omission, by either of those Defendants, that could be viewed as a violation of the Plaintiff's constitutional rights. Furthermore, there are no allegations which suggest that either Sam's Club or Wal-Mart were functioning as State actors that can be sued under Section 1983.

  Accordingly, for the foregoing reasons, we conclude that the Plaintiff's Complaint fails to state any actionable claim for relief against any of the named Defendants. Therefore, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to Section 1915(e)(2)(B)(ii).

  NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In Forma Pauperis</u>, [Docket No. 2], be denied.

2. That this action be summarily dismissed pursuant to <u>Title 28 U.S.C. § 1915(e)(2)(B)(ii)</u>.

Dated:  September 30, 2005                                *s/Raymond L. Erickson*
                                                                    Raymond L. Erickson
                                                                    CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 18, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 18, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.